BANNER, trustee, *et al. v.* COHEN, administratrix.

No. 10909.   MARCH 28, 1936.

*Henry D. Gaggstaller,* for plaintiffs.

*George G. Finch* and *William G. McRae,* for defendants.

ATKINSON, Justice. L. S. Cohen the payee named in certain promissory notes signed by Morris Loeb, Sadie L. Buhler, and Max Loeb, instituted in Muscogee superior court attachment proceedings ·for the amount of the notes, on the ground that defendants were non-residents of the State. Summons of garnishment based on the writ of attachment was served on the Sol Loeb Company, a corporation domiciled in Muscogee County. The garnishee filed its answer. The plaintiff traversed the answer, and subsequently amended the traverse by charging that the defendants were owners of certain shares of capital stock in the corporation that were subject to seizure under the attachment. A subpœna duces tecum was issued for the production of certain documentary evidence, and was served on the garnishee. It was shown at the trial that certain shares of the capital stock were issued to Max Loeb and Sadie L. Buhler, but that before the attachment the stock had been assigned to Jac. R. Manheimer, a near relative of the assignors; and

that the instrument of assignment had been recorded in the office of the clerk of the court. A verdict sustaining the answer of the garnishee was returned. No exception was taken, and the verdict was allowed to stand. Subsequently L. S. Cohen instituted suit in the Supreme Court of New York against the makers of the notes, and obtained a personal judgment. Thereafter L. S. Cohen died, Lily E. Cohen became his administratrix, and as such she instituted suit in Fulton superior court against "Max Loeb et al," being case No. 104242 on the docket of that court. Afterward the administratrix applied to R. O. Perkins, superior court commissioner for Muscogee County, to give notice to William Banner as trustee of Sol Loeb Company, and to Thomas Miller Jackson as secretary of Sol Loeb Company, to produce before the commissioner certain books, papers, and documents to be used by the plaintiff in taking the depositions of said persons as witnesses. When this was done William Banner as trustee of the capital stock of Sol Loeb Company and Thomas Miller Jackson as secretary of said company brought the present petition in Muscogee superior court against Lily E. Cohen as administratrix. The petition as amended, in connection with attached exhibits, showed all that is stated above, and further alleged substantially as follows:

The failure of L. S. Cohen to except to the verdict constituted a waiver of any charge of fraud against Max Loeb and Jac. R. Manheimer in the assignment of the shares of stocks; and the failure of Cohen in that case, and in the subsequent case in the Supreme Court of New York, to set up fraud in the assignment of the stock estopped him from raising the question; and now the administratrix is estopped. The allegations in the suit pending in Fulton County are identical with the facts alleged in the former suit in Muscogee County, as disclosed in specified paragraphs of both petitions. (The language of the paragraphs was not set forth.) By the amended petition pending in Fulton County is was averred, that the assignment of said 271 shares of stock by Max Loeb to Jac. R. Manheimer was not a bona fide, but was a fraudulent transfer executed by Max Loeb with intent to hinder, delay, or defraud L. S. Cohen; that such intention was known to said Jac. R. Manheimer at the time the instrument was executed; that the notices to produce before the commissioner called for papers which on the former trial had been held to be immaterial and irrelevant;

that the administratrix is not a creditor of the Sol Loeb Company, but is a creditor of Max Loeb without a judgment or lien existing within this State; that the administratrix without lawful right is seeking to compel production of corporate records of Sol Loeb Company for no purpose material in establishing any indebtedness of Max Loeb, the only purpose being to ascertain the financial status and present value of stock in Sol Loeb Company, resulting from the skill exercised by the plaintiffs in the operation of the business "pursuant to the terms of said trust agreement;" that Cohen's petition in Fulton superior court knowingly and untruthfully alleged that the attachment proceeding against Max Loeb and Sadie Loeb Buhler "was dismissed because the transfer of said stock was dated prior to the date of the service of the summons of garnishment; and the lien of transfer being superior to the garnishment lien in the attachment case, no service was obtained in the attachment case;" that the administratrix now seeks, as did the intestate in the former attachment suit, to enjoin the plaintiffs herein from complying with the law requiring them to recognize the assignments executed to Jac. R. Manheimer, and for the appointment of a receiver to take charge of the certificates of stock of Sol Loeb Company held in trust by William Banner as trustee for Max Loeb and Sadie Loeb Buhler, without any greater right now existing than existed at the time of the former attachment suit; that this is done perniciously to prevent the operation of the business until fulfillment with the terms of the agreement providing for continuation thereof until the remuneration therein provided as compensation for services of William Banner as trustee shall have been paid, the trustee having continuously and faithfully performed all duties imposed upon him resulting in progress of the business under general adverse conditions; that plaintiffs are entitled to protection against interference by defendant, who as a creditor of Max Loeb and Sadie Loeb Buhler is without legal or equitable right to further harass plaintiffs by said proceedings before a court commissioner in furtherance of the action now pending in Fulton superior court; that plaintiffs are entitled to injunctive relief against prosecution of said case or any other case interfering with the operation of the business under the trust agreement; that the situs of the said stock is in Columbus, Muscogee County, the domicile of the corporation, and the shares of

stock assigned to Jac. R. Manheimer are in the custody and control of William Banner as trustee under the terms of said trust agreement pursuant to the said assignments; that plaintiffs are not indebted to Cohen, and are without adequate remedy at law to safeguard their rights against the interference by repeated actions disturbing their mental attitude and interfering with the peaceful performance of their duties under the trust agreement, said interference damaging the corporation by causing it to incur expense of defending unauthorized and vexatious litigation; that plaintiffs have no adequate remedy unless the court of equity will entertain this action and enjoin the defendant administratrix from further harassing Sol Loeb Company and plaintiffs herein by further prosecution of the suit in Fulton superior court and the proceeding before the commissioner of Muscogee superior court; that under the terms of the trust agreement the creditors becoming unsatisfied with the operation of the business by William Banner as trustee are vested with the right to demand systematic reduction of the assets of the Sol Loeb Company and liquidation of the business; that the plaintiffs herein, under the Code of 1933, § 37-1501, are entitled to the protection of equity under this petition as a bill of peace, confirming the right of plaintiffs to recognize the priority and validity of said transfers and assignments by Max Loeb and Sadie Loeb Buhler to Jac. R. Manheimer, and to operate the business of Sol Loeb Company under said trust agreement without interference by the receiver, the administratrix, or any other person, such right having been previously established by the verdict and judgment of Muscogee superior court finding in favor of William Banner trustee, garnishee, the allegations of the equitable petition there filed being substantially the same as the action now pending in Fulton superior court.

The prayers are (1) to enjoin the taking of testimony before the commissioner; (2) to enjoin the defendant from interfering with the operation of the business of the Sol Loeb Company under the trust agreement; (3) to enjoin the defendant from making any further demands for records disclosing the names of stockholders, and the number of shares of stock held by each, in the Sol Loeb Company; (4) to enjoin the defendant from eliciting from the plaintiffs information as to the financial condition of Sol Loeb Company without first showing to the court that the

records are material and relevant evidence; (5) that the defendant be enjoined from prosecuting the pending suit in Fulton superior court, or by any other means attempting to interfere with the rights of the plaintiffs in the execution of said trust agreement; (6) that the bona fides of the assignments by Max Loeb and Sadie Loeb Buhler to Jac. R. Manheimer be sustained, and the defendant be enjoined from further contesting the ownership of Jac. R. Manheimer upon the termination of the trust agreement, whereby said plaintiffs may be fully relieved of all accountability to any other person than said Jac. R. Manheimer; (7) for general relief. Lily E. Cohen as administratrix filed a demurrer upon the grounds that the petition fails to set out any cause of action against this defendant, and that there is no equity in said petition. The court sustained the demurrer, and the plaintiffs excepted.

■ "It being the interest of this State that there shall be an end of litigation, equity will entertain a bill of peace: 1. To confirm some right which has been previously satisfactorily established by more than one legal trial, and is likely to be again litigated. 2. To avoid a multiplicity of suits, by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy, or in other similar cases." Code of 1933, § 37-1501. The allegations of the petition in the instant case do not make a case for a bill of peace. What allegations were made in the former attachment case in Muscogee County, or what were made in the now pending suit in Fulton County, are not clearly stated in the petition as amended in the instant case, nor can the substance thereof be clearly gathered. Nor does it appear that the pending suit in Fulton County was unfounded, or the proceeding to obtain evidence in support thereof was unauthorized. Any questions as to the insufficiency of the petition in the superior court in Fulton County, or as to the right to take evidence by depositions or as to the admissibility of the documentary evidence, are for determination in that case, rather than by injunction in the superior court of Muscogee County.

■ The petition failed to allege a cause of action for any relief, and the court did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*